Case 1:23-mj-00113-RMM   Document 1-1   Filed

Case: 1:23-mj-00113
Assigned to: Judge Meriweather, Robin M.
Assign Date: 6/2/2023
Description: COMPLAINT W/ ARREST WARRANT

**STATEMENT OF FACTS**

On June 1, 2023, law enforcement officers from the U.S. Marshals Capital Area Regional Fugitive Task Force (CARFTF), Homeland Security Investigations (HSI), the Washington D.C. Metropolitan Police Department (MPD), and other law enforcement agencies participated in the service of an extraditable Maryland state arrest warrant on Ahmad ROBERTSON-BEY aka Ahmad ROBERTSON (hereinafter "ROBERTSON"). Additionally, law enforcement executed a search warrant issued by the U.S. District Court for the District of Columbia on ROBERTSON's residence, 111 Xenia Street Southeast, Washington D.C. 20032 (the "TARGET PREMISES") as well as ROBERTSON's vehicle, a 2000 Volvo S40 Sedan bearing Virginia license plate number TSM-1142 (the "TARGET VEHICLE").

At approximately 6:00am, law enforcement announced their presence outside the TARGET PREMISES via loudspeaker and ordered all occupants to exit the residence. An adult female later identified as A.R. came to the door but refused to fully exit as ordered and proceeded to communicate with the occupants inside the residence, at several points yelling for "*Ahmad*" (ROBERTSON) to come out. For the next several minutes, the occupants of the house refused to exit and law enforcement on the perimeter observed continual movement through the windows in the rear of the house, indicative of occupants moving back and forth within the TARGET PREMISES. Beginning at 6:05am and continuing until approximately 6:13am, the residents of the TARGET PREMISES exited, with ROBERTSON ultimately walking out at approximately 6:15am. Your affiant conducted a search incident to arrest of ROBERTSON's person and asked ROBERTSON if he had anything in his pockets, and ROBERTSON stated he did. Your affiant found a set of keys and asked ROBERTSON if they were house keys or car keys, to which ROBERTSON replied, "*I don't own a car.*" Additionally, your affiant found two baggies of white powder (one each in ROBERTSON's right side

and left side pants pockets) which later field tested presumptive positive for cocaine, with an approximate gross weight of eight grams each (16 grams total). Based on your affiant's training and experience, your affiant knows that this amount is more consistent with distribution, as opposed to personal use, given that cocaine powder is typically purchased by the gram.

During a search of the TARGET VEHICLE, investigators discovered an AR-style pistol (hereinafter "FIREARM 1") loaded with a 30-round capacity magazine, filled with 28 rounds of 5.56 mm ammunition plus one in the chamber of the weapon, for a total of 29 rounds. The 5.56 ammunition included several brands, to include "Aguila". FIREARM 1 was inside of a red and black duffel bag in the trunk of the TARGET VEHICLE and the selector switch was set to "fire." FIREARM 1 was a "ghost gun", that is, a firearm with no identifiable serial number with a seal identifying the manufacturer as "EP Armory". Open-source research indicates that EP Armory is a company based in Texas that manufactures and sells firearms components, and advertises itself as "*The 80 Percent Specialist for Home Made Firearms*." The TARGET VEHICLE is registered in ROBERTSON's name with a registration address of the TARGET PREMISES, and law enforcement has observed ROBERTSON drive and conduct suspected narcotics sales out of the TARGET VEHICLE on numerous occasions within the past several weeks. Specifically, law enforcement surveillance observed ROBERTSON open and peer into the trunk of the TARGET VEHICLE on May 31, 2023 on multiple occasions at a neighborhood close to the TARGET PREMISES, to include: 5:07pm, 5:54pm, and 6:10pm. On one occasion at approximately 6:11pm on May 31, 2023, law enforcement surveillance observed ROBERTSON move almost directly from peering into the open trunk of the TARGET VEHICLE, to conducting a suspected hand to hand narcotics sale. Law enforcement additionally found a digital scale and a cell phone within the TARGET VEHICLE.

During the search of the TARGET PREMISES, law enforcement identified a bedroom believed to be ROBERTSON's based in part on the following indicia of occupancy located within the bedroom (hereinafter "ROOM 1"):

- A D.C. Department of Corrections (DOC) reentry identification card bearing ROBERTSON's name, picture, and identifiers.

- Prescription medications bearing ROBERTSON's name, to include Narcan nasal spray.

- The registration for the TARGET VEHICLE bearing ROBERTSON's name and the address for the TARGET PREMISES, located under the mattress.

- The title of the TARGET VEHICLE, bearing ROBERTSON's name and the address for the TARGET PREMISES.

- Various pieces of court paperwork bearing ROBERTSON's name and identifiers, to include sentencing paperwork from the Superior Court of the District of Columbia related a 2007 charge for Robbery While Armed / case number 2008 CF3 4176. The document states that ROBERTSON pled guilty to the charge and was sentenced to a term of 60 months in jail, followed by five years of supervised release.

- Various pieces of mail addressed to ROBERTSON.

- Photographs of ROBERTSON and a small child.

- Numerous handwritten letters and greeting cards addressed to ROBERTSON, as well as a poem related to ROBERTSON's apparent experiences while previously incarcerated, listed as "By Ahmad Robertson".

Within ROOM 1, law enforcement found the following items indicative of narcotics distribution and firearms offenses, to include:

- Two extended magazines capable of holding 9mm ammunition, one of which bore a Glock symbol and had a 22-round capacity.

- Two additional magazines bearing the Glock symbol, to include one capable of holding 15 rounds of .40 caliber ammunition and one capable of holding 17 rounds of 9mm ammunition.

- Approximately 19 rounds of "X-Tac" brand 5.56mm ammunition (rifle ammunition/ammunition compatible with FIREARM 1), 53 rounds of combined "Federal" and "Fort Scott Munitions" brand 9mm ammunition, 58 rounds of "PMC Bronze" brand .45 caliber ammunition, and 143 rounds of combined "PMC Bronze", "Blazer", "Speer", and "Remington" brand .40 caliber ammunition.

- A ballistic vest.

- Numerous (estimated to be dozens) of small empty plastic baggies, or "zips", indicative of narcotics distribution.

- Three digital scales.

- Two small baggies of a white powdery substance which later field tested presumptive positive for fentanyl with the use of a Pendar Handheld Raman Spectrometer and a BTNX fentanyl forensic test kit, one of which weighed one gram and one of which weighed two grams (approximate gross weight). The fentanyl was packaged in the same type of "zips" as described above, and based in part on the presence of the digital scales and empty zips located nearby in the same room, were consistent with narcotics pre-packaged for distribution.

Additionally, investigators found a blue gym bag within the TARGET PREMISES living room several feet away from the doorway to ROOM 1. Inside the gym bag investigators discovered a

blender which contained a white powdery residue that field tested presumptive positive for fentanyl with the use of a Pendar Handheld Raman Spectrometer and a BTNX fentanyl test strip amino acid kit. Within the same bag investigators also found the substance "Manitol", a common cutting agent used for fentanyl distribution, as well as numerous empty plastic zips.

Your affiant knows that the ammunition located throughout the TARGET VEHICLE and the TARGET PREMISES was manufactured outside of the District of Columbia given that there are no ammunitions manufacturers in this jurisdiction, and that it therefore traveled through interstate commerce. Further, your affiant knows that ROBERTSON was previously convicted of a crime punishable by a term of imprisonment exceeding one year, and that based in part on the presence of the associated court documents in ROBERTSON's room, he was aware of that fact.

As such, your affiant submits that probable cause exists to charge ROBERTSON with 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Fentanyl and Cocaine), 18 U.S.C. § 922(g)(1) (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year), 22 D.C. Code §§ 4503(a)(1), (b)(1) (Unlawful Possession of a Firearm – Prior Conviction (Crime of Violence));  and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of Drug Trafficking).

Your affiant has not provided every fact known to him during the investigation, but facts sufficient to establish probable cause.

_____
SPECIAL AGENT JULIAN HERMAN
HOMELAND SECURITY INVESTIGATIONS

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 2nd day of June, 2023.*

_____
ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE